IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re VERNETTA VIVIAN WATSON, Deposed;<br><br>Defendant. | **8:20CV103**<br>**BK 16-80940**<br><br>**MEMORANDUM AND ORDER** |

Sandra M. Watson appeals an order of the Bankruptcy Court granting Trustee Kathleen Laughlin's motion to dismiss Vernetta Watson's ("the debtor") bankruptcy proceeding, Filing No. 1.[1]  Appellant elected to appeal to the district court rather than the Bankruptcy Appellate Panel.  *See In re Watson*, BK 16-80490, Filing No. 54 (Bankr. D. Neb. Mar. 17, 2020).

I.      BACKGROUND

The Bankruptcy Court record reflects that the debtor, Vernetta Vivian Watson, then represented by counsel, filed a Chapter 13 Voluntary Petition and Chapter 13 Plan in June 2016.  *In re Watson*, No. BK 16-80490, Filing Nos. 1 & 5 (Bankr. D. Neb. June 20, 2016).  Her Chapter 13 plan was approved on August 24, 2016.  *Id.*, Filing No. 16. In 2019, appellant Sandra Watson, asserting that she was the daughter of debtor Vernetta Watson, filed paperwork in Bankruptcy Court related to a petition for

---

[1] Also pending are various motions filed by "interested party" Sandra M. Watson "on behalf of Vernetta Vivian Watson."  *See* Filing No. 4, Motion to Waive Fee; Filing No. 5, Motion to Stay Pending Appeal; Filing No. 7, Motion for Leave to Appeal; Filing No. 8, Motion for Injunctive Relief; Filing No. 11, Motion for Leave to File in Forma Pauperis; Filing No. 13, Motion to Stay for the Notice of Appeal.  Appellant Watson has also filed several motions for extensions of time, Filing Nos. 14, 15, 16, 17.  Further, Eugene T. Watson, *pro se*, purportedly the debtor's "power of attorney," has filed a notice of resistance and request for order discharging debtor's debt on behalf of Vernetta Vivian Watson, alleging constitutional violations.  Filing No. 18. Some of these motions are duplicitous of filings in Bankruptcy Court that were denied.  *See In re Watson*, No. BK 16-80940, Filing Nos.  52-59, Motions; Filing Nos. 60, 61, 62, 64, 65, 66, Orders.  The Bankruptcy Court noted that several filings were ambiguous and the court could not determine the relief sought.  *Id.*, Filing Nos. 62, 66, Orders.  Further, the Bankruptcy Court noted that it was not clear that Sandra Watson had standing to appeal the Bankruptcy Court's orders. *See id.*, Filing No. 64, Order.

1

conservatorship. *Id.*, Filing No. 22. The Bankruptcy Court declined to address the filing, finding that it lacked jurisdiction to appoint a guardian or conservator. *Id.*, Filing No. 23. The Bankruptcy Court, however, directed the debtor's counsel to address the issue with Sandra Watson and to pursue any relevant action that would be appropriate. *Id.* In January 2020, the Bankruptcy Court again received paperwork from Sandra Watson, this time representing that the debtor was deceased. *Id.*, Filing No. 31. The court then ordered the debtor's counsel to file a status report. *Id.*

In his status report, the debtor's counsel stated that the debtor's daughter, Felicia Watson, had been appointed temporary guardian of Vernetta Watson on September 18, 2019, and the guardianship action was later dismissed when the Douglas County, Nebraska, Court was advised that Vernetta Watson had died on November 22, 2019. *Id.*, Filing No. 33. Counsel also advised the Bankruptcy Court that no probate had been established for the debtor's estate. *Id.* In response to that report, the Bankruptcy Court directed the deceased debtor's counsel to file a supplemental report addressing the effect of those facts on the bankruptcy proceeding. *Id.*, Filing No. 34.

The debtor's counsel then informed the Bankruptcy Court that the bankruptcy case had been filed to stay a judicial tax foreclosure sale of the debtor's and her non-filing spouse's residence by Guardian Tax Partners and an order of sale had been entered prior to the filing of the petition. *Id.*, Filing No. 37. He also stated he had had several conversations with Sandra Watson, the debtor's daughter, who indicated in August 2019 that she believed her mother was incompetent. *Id.* Debtor's Counsel advised Ms. Watson to meet with a guardian/conservator attorney and later Felicia

Watson, apparently another daughter, was appointed the debtor's temporary guardian on August 29, 2019.  *Id.*

Debtor's counsel also represented to the court that he met with Felicia Watson on September 18, 2019 and discussed the bankruptcy case.  *Id.*  Felicia Watson stated that she would continue to make plan payments from the debtor's social security funds or with the help of Mark Watson, the debtor's son.  *Id.*

The debtor's counsel also stated he met with counsel for the Chapter 13 Bankruptcy Trustee, Jerry Jensen, on January 10, 2020 to discuss the matter, and learned that a payment of $350.00 had been received by the Trustee on December 2, 2019, and plan payments were substantially current at that time.  *Id.*  The debtor's counsel reported that he and Felicia Watson also discussed the status of the bankruptcy case.  *Id.*  Felicia Watson advised the debtor's counsel that her sister, Sandra Watson, was living in the deceased debtor's residence and had access to the bank account of Eugene Watson, the debtor's spouse.  *Id.*  Felicia Watson further told counsel that she and her brother Mark Watson intend to open a conservatorship for their father Eugene Watson.  *Id.*  Debtor's Counsel and Felicia Watson also discussed the balance of the property tax claim, the effect of the automatic stay on the tax foreclosure case, that is, that if the bankruptcy case were dismissed, a foreclosure sale could be scheduled, unless the unpaid property taxes were paid.  *Id.*   He represented to the Bankruptcy Court that he informed Felicia Watson that he did not have a client to give him instructions, unless a personal representative were to be appointed.  *Id.*  He further informed the Court that, as of the date of the status report, no probate had been opened for Vernetta Watson and no conservatorship had been filed for Eugene Watson.  *Id.*

3

The debtor's counsel also reported that he spoke to Sandra Watson on January 27, 2020. Sandra Watson stated she paid the December 2, 2019, plan payment using her father's social security funds. She further told counsel that her father's bank account had been "frozen;" that the Social Security Administration had been involved in "freezing" her father's bank account; that US Attorney General was working with her to investigate the Social Security Administration. *Id.* Sandra Watson was mailed copies of the Bankruptcy Court's orders and other filings. *Id.*, Filing Nos. 24, 28, 29, 32, 36, 38, Certificates of Service.

On January 31, 2020, the Bankruptcy Court set a hearing for February 10, 2020. Filing No. 39. On February 3, 2020, the Chapter 13 Trustee moved to dismiss the action, stating that the Trustee had received one payment after the date of death, but that as of the date of the filing of the motion, the plan payments were two months delinquent and further, that no one had stepped in to prosecute the action on the deceased debtor's behalf. *Id.*, Filing No. 40. On February 10, 2020, the Bankruptcy Court held the hearing, at which the debtor's counsel, the Bankruptcy Trustee, and the Trustee's counsel appeared. *Id.*, Filing No. 43.

The audio-recording of the hearing shows that debtor's counsel did not oppose the Trustee's motion to dismiss. *Id.*, attached audiotape. Debtor's counsel stated that the debtor's husband, Eugene Watson, who owned the subject property in joint tenancy, had dementia and Felicia Watson had filed to be appointed temporary guardian and conservator. *Id.* He stated that his concern that the property would be sold in a tax foreclosure was obviated by the fact that the debt had been paid down to the amount of approximately $3000.00 and the debtor's children would be likely to pay that to avoid

4

foreclosure.  *Id.*  The Bankruptcy Trustee informed the Court that the plan payments were then current, and the only creditor was the person holding the tax certificate.  He amended his motion to reflect that the only ground for dismissal was that no person had stepped up as representative of the case.  Filing No. 43, audio file.

The Bankruptcy Court claims register confirms that the only creditor is Guardian Tax Partners.  No creditor filed a resistance to the motion to dismiss.  On February 25, Sandra Watson filed an untimely *pro se* "resistance" to the motion to dismiss.  *Id.*, Filing No. 44.  In the resistance, she prayed for an order dismissing a probate action.  *Id.* at 2.

That same day, the bankruptcy court entered an order granting the Trustee's motion to dismiss the case.  *Id.*, Filing No. 45, Order.  The court noted the objection by Sandra Watson, purporting to be power of attorney for the deceased debtor, but stated the power of attorney was invalid since the debtor was deceased.  *Id.*  Appellant thereafter filed a motion to reconsider the dismissal, which the Bankruptcy Court denied. Filing No. 47, Motion; Filing No. 49, Order.

II.   DISCUSSION

This Court has jurisdiction over appeals from final judgments and orders of the Bankruptcy Court under 28 U.S.C. § 158(a)(1).  The Bankruptcy Court's factual findings are reviewed for clear error and its conclusions of law are reviewed de novo. *Contractors, Laborers, Teamsters and Eng'rs Health and Welfare Plan v. Killips* (*In re M & S Grading, Inc.*), 526 F.3d 363, 367 (8th Cir. 2008); *see also* Fed. R. Bankr. P. 8013. This Court may affirm, reverse or modify the Bankruptcy Court's ruling or remand the case for further proceedings. *Id.*

Standing to bring an appeal is a jurisdictional issue which the court has a duty to

decide before considering the underlying claims. *Nangle v. Surratt-States (In re Nangle)*, 288 B.R. 213, 215 (B.A.P. 8th Cir.), *aff'd*, 83 F. App'x 141 (8th Cir. 2003).  Any party or the Court may raise the issue of subject matter jurisdiction at any time. *Gray v. City of Valley Park*, 567 F.3d 976, 982 (8th Cir. 2009); *see also Larson v. Foster (In re Foster)*, 516 B.R. 537, 544 (8th Cir. B.A.P. 2014), *aff'd*, 602 F. App'x 356 (8th Cir. 2015); *In re Kip & Andrea Richards Family Farm & Ranch, LLC*, 608 B.R. 219, 223 (Bankr. D. Neb. 2019). If a party attempting to appeal a Bankruptcy Court order lacks standing to bring the appeal, the action should be dismissed for lack of subject matter jurisdiction. *See In re Foster,* 516 B.R. at 544; *see also Hardes Holding, LLC v. Sandton Credit Sols. Master Fund, III, LP*, No. 3:19-CV-3009-RAL, 2019 WL 6347775, at *2 (D.S.D. Nov. 27, 2019).

The question of standing generally challenges whether a party is the proper one to request an adjudication of a particular issue.   *In re Nangle*, 288 B.R. at 216. "Standing in a bankruptcy appeal is narrower than Article III standing."  *Opportunity Fin., LLC v. Kelly*, 822 F.3d 451, 458 (8th Cir. 2016) (citation omitted).  The Eighth Circuit has consistently "applied a person aggrieved standard" to determine appellate standing in Bankruptcy cases.  *O & S Trucking, Inc. v. Mercedes Benz Fin. Servs. USA*, 811 F.3d 1020, 1023 (8th Cir. 2016).  The narrower standing requirement reflects a need to limit collateral appeals and advances the public policy interest of providing finality in bankruptcy proceedings.  *See Opportunity Fin., LLC*, 822 F.3d at 458.  "An appellant is a party aggrieved if the bankruptcy court order diminishes the person's property, increases the person's burdens, or impairs the person's rights."  *Opportunity Fin., LLC*, 822 F.3d at 458.  "Under the person aggrieved doctrine, the appellant has the burden to

6

demonstrate that the challenged order directly and adversely affect[ed] his pecuniary interests." *O & S Trucking, Inc.*, 811 F.3d at 1023. Potential pecuniary harm that is several steps removed from the challenged order is not sufficient to satisfy the aggrieved person requirement; for standing to exist there must be a "direct pecuniary impact." *Opportunity Fin., LLC*, 822 F.3d at 458.

Federal Rule of Bankruptcy Procedure Rule 1016 provides that, in the case of the death or incapacitation of a debtor, a Chapter 13 case may either be dismissed, or "if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred." Fed. R. Bankr. P. 1016. Further administration hinges on the Rule's two standards: whether such administration is possible and whether it is in the best interest of the parties. *In re Shorter*, 544 B.R. 654, 661 (Bankr. E.D. Ark. 2015). "But in any event, the decision to dismiss or administer the case requires that '*someone . . . do something* when a debtor in a case under chapter 11, 12, or 13 dies." *Id.* (quoting *Hawkins v. Eads (In re Eads),* 135 B.R. 380, 383 (Bankr. E. D. Cal.1991) (emphasis added in *Shorter*); *see also In re Kosinski*, No. 10–BK–28949, 2015 WL 1177691, at *3 (Bankr. N. D. Ill. Mar. 5, 2015) (a case can only continue "if someone is permitted to act in the bankruptcy case on behalf [of] the deceased debtor"). *In re Stewart*, No. 01–66434–FRA13, 2004 WL 3310532, at *2 (Bankr. D. Or. Mar. 2, 2004) (permitting further administration of a Chapter 13 case if a personal representative was appointed by state court to fulfill all the duties of the deceased debtor).

When reviewing *pro se* pleadings, the Court must give them the benefit of a

liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  Affording *pro se* pleadings the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

B.      Analysis,

The Court will address the jurisdictional issue of standing on its own motion. Recognizing that the appellant is proceeding *pro se*, and thus applying a more liberal interpretation of the appellant's largely incomprehensible pleadings, the Court finds that it is clear from the record that Sandra Watson does not have standing to prosecute this appeal.  The record shows that the debtor is deceased, and no probate action has been filed in connection with her estate, nor has a personal representative been appointed. The appellant was not the guardian or conservator of the deceased debtor.  Further, there is no indication that she is an "aggrieved person," as that term is defined in bankruptcy law.  She has not alleged or shown that the challenged order dismissing the deceased debtor's bankruptcy proceeding will directly and adversely affect her pecuniary interests.  Accordingly, the Court finds this action should be dismissed for lack of subject matter jurisdiction.

The Court notes for the record that if it had jurisdiction, it would find no clear error of fact or law in the Bankruptcy Court's dismissal of the action.  The Trustee's motion to

dismiss was unopposed.  There was no showing that further administration of the bankruptcy action was either possible or in the best interest of the parties.  Accordingly, the Court would affirm the Bankruptcy Court.

In light of this determination, the Court need not address the appellant's other motions and those motions will be denied as moot.

IT IS ORDERED:

1.      The Court finds this appeal should be dismissed for lack of jurisdiction.

2.      Appellant's pending motions (Filing Nos. 4, 5, 7, 8, 11, 13, 14, 15, 16, 17, and 18) are denied as moot.

Dated this 22nd day of June, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge