IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re VERNETTA VIVIAN WATSON, Deceased;<br><br>Defendant. | 8:20CV103<br><br>**MEMORANDUM and ORDER** |

This matter is before the Court on various filings by Sandra M. Watson, purportedly power of attorney for Eugene T. Watson, Filing Nos. 26, 27, 29, 30, 32, 35, 36, 37, 38, 39. Among other things, she seeks leave to appeal *in forma pauperis*, Filing No. 32, seeks an automatic stay pending the filing of a notice of appeal, Filing No. 35, and files a notice of appeal, Filing No. 31.

On June 22, 2020, this Court dismissed an appeal of an order of the Bankruptcy Court for the District of Nebraska for lack of jurisdiction. *See* Filing No. 23, Memorandum and Order; Filing No. 24, Judgment. Recognizing that the appellant was proceeding *pro se* and applying liberal interpretation of the appellant's largely incomprehensible pleadings, this Court found that Sandra M. Watson did not have standing to prosecute the bankruptcy appeal. Filing No. 23, Memorandum and Order. Since the dismissal of the action, Sandra M. Watson has filed numerous pleadings in this Court, including motions for extensions of time, to quash, for transcripts and to discharge debts. Filing Nos. 26, 27, 29, 30, 34, and 39.

The plaintiff was not granted leave to appeal the Bankruptcy Court's order *in forma pauperis* and she cannot proceed without authorization as prescribed in Fed. R. App. P. 24(a)(3). She has not paid a filing fee. Filing No. 3, Notice of Failure to Pay Filing Fee.

1

A litigant seeking to appeal a judgment must either pay the required filing fees, *see* Fed. R. App. P. 3(e), or proceed in forma pauperis pursuant to § 1915(a). Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a). An appellant demonstrates good faith by seeking appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Ellis v. United States*, 356 U.S. 674, 674 (1958). An indigent appellant should be allowed to proceed in forma pauperis unless the issues raised are so frivolous that the appeal would be dismissed in the case of a non-indigent litigant. *Coppedge*, 369 U.S. at 447; *Ellis*, 356 U.S. at 675. An appeal is frivolous where none of the legal points are arguable on their merits— when the result is obvious or the appellant's argument is wholly without merit. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 806 (8th Cir. 2006).

Under the Federal Rules of Appellate Procedure, "a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court." Fed. R. App. P. 24(a)(1). The party must attach an affidavit that shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; claims an entitlement to redress; and states the issues that the party intends to present on appeal. Fed. R. App. P. 24 (a)(1)(A)-(C).

Ordinarily, the Clerk of Court would be directed to send a copy of Form 4 to the plaintiff for completion and the district court would consider the *in forma pauperis* motion on receipt of the affidavit. However, in this case, the pleadings and exhibits on file, though largely incomprehensible, show that the appeal is not taken in good faith. *See*

Fed. R. App. P. 24(a)(4). The Court finds the numerous, duplicative, meritless, and frivolous filings by Sandra M. Watson are abusive of judicial process and vexatious. In the filings, Watson improperly captions documents as affidavits, purports to file a supersedeas bond, refers to and seeks relief from Nebraska state courts, and generally seeks relief to which she is not entitled. She exhibits a persistent pattern of abusing the judicial process by raising numerous, conclusory, implausible, and meritless allegations. Accordingly, the court finds Sandra M. Watson's motion for leave to proceed *in forma pauperis* on appeal should be denied.

Watson has also filed a pleading that she captions as a notice of appeal. In the Eighth Circuit,

> appellate jurisdiction is primarily an issue for the appellate court. Therefore, if an appeal is taken from an interlocutory order and the issue of appealability is in doubt, the district court should stay its hand until [the Appeals Court] resolves the issue of [its] jurisdiction, or remand[s] for further clarification of that issue.

*State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999). Accordingly, this action is stayed until the Eighth Circuit disposes of Sandra M. Watson's purported appeal.

IT IS ORDERED:

1. Sandra M. Watson's motion for leave to appeal *in forma pauperis* (Filing No. 35) is denied.

2. Sandra M. Watson's other pending motions and /or filings (Filing Nos. 26, 27, 29, 30, 32, 36, 37, 41, and 44) are denied as moot.

3. This action is stayed until the Eighth Circuit disposes of the appeal.

4. Sandra M. Watson is ordered not to file any pleadings, motions, or other documents attempting to progress this case until the Court's stay is lifted.

4

5. Any motions or documents filed by Sandra M. Watson in this action may be stricken, without further notice, as violative of that stay.

6. The Clerk of the Court is directed to forward a copy of this order to the Eighth Circuit Court of Appeals.

Dated this 18th day of August, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge
